UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SACHIN SHRIDHARANI, M.D., LUXURGERY, LLC, SIENTRA, INC., ADVARRA, INC.<br><br>　　　　Defendants. | Case No.  1:24-cv-00966-ALC<br><br>**STIPULATED<br>PROTECTIVE ORDER** |

**WHEREAS**, JANE DOE ("Plaintiff"), and SACHIN SHRIDHARANI, M.D., LUXURGERY, LLC, and ADVARRA, INC. (collectively "Defendants"), hereafter referred to as "Party" or "Parties," believe that certain information that is or will be exchanged by the Parties in discovery involves the production or disclosures of confidential business information, medical information, or other proprietary information;

**WHEREAS**, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure Rule 26(c):

**THEREFORE**, it is hereby stipulated among the Parties and **ORDERED** that:

**1. Designation of Confidential Documents.**

A.　　Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information, including but not limited to research, development, personnel, financial, competitive, personal information, or trade secrets of the Party, or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material").

B.  Protected Material shall be designated by the Party producing it (the "Producing Party") by affixing a legend or stamp on such document, information or materials as follows: "Confidential." The word "Confidential," shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "Confidential" shall be placed on the cover page of the transcript by each attorney receiving a copy of the transcript, if not already present on the cover page of the transcript when received by the court reporter. Multi-page documents that are bound together must be stamped or labeled "Confidential" on each and every such page, but a Party designating such document as "Confidential" shall where practical, designate as "Confidential" only those pages requiring protection. In the case of computer, audiovisual, digital or other electronic or magnetic medium, such notice shall be placed on the medium or its protective cover, if any. Any document which was or is produced without a "Confidential" designation may be so designated retroactively by written notice to counsel for all Parties. Discovery responses, deposition transcripts and exhibits, and other materials exchanged among the Parties that quote, summarize, or contain materials entitled to protection may be accorded status as a confidential document and each document or specific information shall be designated as "Confidential."

C.  The Parties may designate as "Restricted Confidential – Attorney's Eyes Only," in whole or in part, any material which contains highly confidential information that the Producing Party believes in good faith to be so commercially sensitive, personal, or confidential such that disclosure to persons would have the effect of causing harm to the Producing Party.

D.  Any document designated as "Confidential" or "Restricted Confidential – Attorney's Eyes Only" pursuant to this Order, and the contents of such document, are referred

to herein as "Confidential Material." The Party in receipt of such designated material (the "Receiving Party") shall restrict the disclosure of such information to those persons qualified pursuant to this Order. Nothing in this this Order shall restrict or limit the Producing Party's use or disclosure of its own Confidential Material.

  E. Entering into, agreeing to, and/or producing, or receiving Confidential or Restricted Confidential – Attorney's Eyes Only material, or otherwise complying with the terms of this Order, shall not:

    (a) operate as an admission that any particular Confidential Material contains or reflects trade secrets or any other type of confidential information;

    (b) prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery material;

    (c) prejudice in any way the rights of a Party to object to the production of documents it considers not subject to discovery;

    (d) prejudice in any way the rights of a Party to seek a determination by the Court that particular material be produced; or

    (e) prejudice in any way the rights of a Party to apply to the Court for further protective orders, or modifications hereof.

  F. The initial failure to designate information in accordance with this Order shall not preclude any Party from designating any information "Confidential" or "Restricted Confidential – Attorney's Eyes Only." A Party must provide written notice to counsel of record for the Receiving Party designating the previously produced information as "Confidential" or "Restricted Confidential – Attorney's Eyes Only." The Receiving Party shall restrict the disclosure of such information to those persons qualified pursuant to this Order, and, if such

information has previously been disclosed to persons not so qualified, it shall take reasonable efforts to obtain all such previously disclosed information and advise such persons of the claim of confidentiality.

**2.      Use and Disclosure of Documents Designated "Confidential" or "Restricted Confidential - Attorney's Eyes Only"**

A.     No person subject to this Order, other than the Producing Party, shall disclose any Discovery Material designated by the Producing Party as "Confidential" to any other person, except that such Confidential Discovery Material may be disclosed to:

(a)     the Parties to this action and their insurance carrier representatives;

(b)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)     the author, addressee, or any other person indicated on the face of a document as having received a copy of that document;

(d)     Vendors hired by a Party to host data and maintain a database of electronic data or perform other work related to the collection, review, production or copying of documents in the action;

(e)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Notice of Adherence to Protective Order in form annexed as an Exhibit hereto;

(f)     non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case and who have first executed a Notice of Adherence to Protective Order in form annexed as an Exhibit hereto;

(g)     stenographers engaged to transcribe depositions conducted in this action;

        (h)      the Court and its support personnel; and

        (i)      Other persons or categories of persons only upon written consent of the Producing Party or upon order of the Court, on such conditions as are agreed to or ordered.

    B.      Disclosure of Discovery Material designated as "Restricted Confidential – Attorney's Eyes Only" shall be limited to the persons identified in paragraphs 2.A.(b), 2.A.(d), 2.A.(f), 2.A.(g), 2.A.(h), and 2.A.(i).

    C.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 2.A.(d), 2.A.(e), or 2.A(f) above, such person shall be provided by counsel with a copy of this Order and shall sign a Notice of Adherence to Protective Order in the form attached hereto as Exhibit A, a copy of which shall be maintained in the requesting counsel's file until 30 days after final judgment is entered and such person has confirmed in writing that any Confidential Discovery Material has been returned or destroyed. .

    **3.**      **Third-Party Vendors**

Counsel to each Party is responsible for the adherence by third-party vendors retained by the Party to the terms and conditions of this Order. Counsel may fulfill this obligation by obtaining a signed Notice of Adherence to Protective Order in the form attached hereto as Exhibit A, a copy of which shall be maintained in the requesting counsel's file until 30 days after final judgment is entered and such person has confirmed in writing that any Confidential Discovery Material has been returned or destroyed. .

    **4.**      **Nonparty Information**

The existence of this Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire

confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Order.

## 5. Declassification of Confidential Material; Material Exempted

A. At any time during the pendency of this action, any Party may object to the designation of any Protected Material as "Confidential" or may, after making a good faith effort to resolve any such objection, move for an order vacating the designation. While such an application is pending, the Protected Material in question shall be treated as Confidential Material pursuant to this Order. The Producing Party shall have the burden of proof that good cause exists for the designation of Confidential Material.

B. The Parties are not obliged to challenge the designation of any Confidential Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

C. The provisions of this Order shall not apply to any document or information contained therein which are obtained from non-privileged sources other than through discovery or which are before, or after designation as "Confidential" become, a matter of public record on file with any governmental or regulatory agency or board or otherwise available from publicly accessible sources.

## 6. Filing of Confidential Material

All Confidential Material to be filed under seal with the court shall be done in accordance with local rules, including but not limited to Section 6(C)-(D) of the Hon. Judge Andrew L. Carter Jr.'s Individual Rules. In the event the Court denies the request to file said Confidential Material under seal, the Parties shall continue to treat the Confidential Material in all other respects as Confidential Material governed under this Order.

7. **Use of Confidential Information in Depositions.**

A deponent may, during the deposition, be shown and examined about Confidential Material. Unless the deponent is the author, addressee, or the face of a document indicates the deponent as having received a copy of that document, the deponent shall (in lieu of signing a Notice of Adherence to Protective Order) be advised of and agree to, while under oath, the restrictions contained in this Order before being examined about such material. Deponents shall not retain or copy portions of their transcript which contain Confidential Material. Parties and deponents may, at the time a deposition is taken or within ten (10) days thereafter, designate pages or sections of the transcript (and exhibits thereto) as "Confidential." Confidential Material within the deposition transcript may be designated by underlining, separate binding, or other suitable means.

8. **Confidential Information at Trial.**

Subject to the Federal Rules of Evidence, Confidential Material may be offered in trial or at any Court hearing, provided that the proponent of the evidence gives reasonable notice under the circumstances to counsel for the Party that designated the information as protected. Any Party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as protected and, if so, what protection, if any, may be afforded to such information at the trial.

9. **Unauthorized Disclosure**

In the event of disclosure of any Confidential Material to a person not authorized for access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the Party whose Confidential Material

has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible Party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each Party shall cooperate in good faith in that effort.

### 10.     Duration of Order, Return of Confidential Material, and Retention by Counsel

A.     This Order shall continue in effect after the conclusion of this action, except that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Order.

B.     Within forty-five (45) calendar days after the conclusion of this action in its entirety, all Parties and persons having received Confidential Material shall dispose of all such material either by (1) returning such material to counsel for the Producing Party and certifying that fact to all Parties, or (2) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person and certifying that fact to all Parties. No person or Party shall be deemed in breach of this paragraph until and unless they or their counsel have received a written demand for compliance herewith after compliance became due and forty-five (45) days have elapsed without compliance.

C.     Counsel for the Parties shall be entitled to retain all Court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product, including such materials containing, quoting, discussing or analyzing Confidential Material, provided that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts, exhibits or attorney work product to any person unless after reasonable prior notice to the Producing Party, the disclosing counsel has obtained

permission pursuant to Court Order or by agreement with the Producing Party. The Confidential Materials kept by counsel pursuant to this subsection shall be maintained so as not to be accessible to persons other than such counsel and his or her partners, associates, paralegals, and staff.

D. "Conclusion of this action" means the expiration of all appeal periods or the execution of a settlement agreement among all the Parties finally disposing of this action.

**11. Subpoena by Third Party**

In the event any of the Producing Party's Confidential Material is the subject of, or responsive to, a subpoena or court order requiring its disclosure, the Party in receipt of the subpoena shall give reasonably prompt written notice to counsel who produced the Confidential Material. The recipient of the subpoena or court order shall not object to the Producing Party's appearance to protect its interest in maintaining the information as confidential. The recipient of the subpoena or court order will cooperate with the Producing Party in obtaining any such protective order or other appropriate remedy. In the event that such protective order or other remedy is not obtained prior to the time such Confidential Material is required to be disclosed, or the Producing Party waives compliance with the provisions of this Order with respect to the Confidential Material, the Receiving Party shall furnish only that portion of the Confidential Material that is legally required and shall exercise its best efforts to obtain a protective order or other reliable assurance that confidential treatment will be accorded to the Confidential Material. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

### 12. Court's Continuing Jurisdiction

This Court has continuing jurisdiction over the enforcement, interpretation, and modification of this Order, and any person executing a Notice of Adherence to Protective Order shall be deemed to have consented to the personal jurisdiction of this Court for such purpose. The confidentiality obligations imposed by this Order shall survive unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

**AGREED TO BY:**

**FEGAN SCOTT LLC**

Elizabeth A. Fegan
150 S. Wacker Dr., 24th Floor
Ste 24th Floor
Chicago, IL 60606
312-741-1019
Fax: 312-264-0100
Email: beth@feganscott.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

Stephen J. Barrett
150 E. 42nd St.
New York, NY 10017
212.915.5479
Fax: 212.490.3038
Email: stephen.barrett@wilsonelser.com

**ROPES & GRAY LLP**

Lisa H. Bebchick
1211 Avenue of Americas
New York, New York 10036
212-956-9000
Fax: 212-596-9090
Lisa.Bebchick@ropesgray.com

**ENTERED this _____ day of July, 2024**

_____
United States District Judge Andrew L. Carter Jr.

September 16, 2024
New York, NY

10

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>SACHIN SHRIDHARANI, M.D., LUXURGERY, LLC, SIENTRA, INC., ADVARRA, INC.,<br><br>　　　　Defendants. | Case No.  1:24-cv-00966-ALC |

## NOTICE OF ADHERENCE TO PROTECTIVE ORDER

　　　　I, _____, of _____

_____, affirm and state as follows:

　　(1)　　I have read the Protective Order entered in this litigation;

　　(2)　　I understand its terms and agree to be fully bound and adhere to all terms of such Protective Order;

　　(3)　　I agree that I am subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.


_____　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　Signature