**FeganScott LLC**
ATTORNEYS AT LAW
150 S. Wacker Dr., 24th Floor
Chicago, IL 6060g
PHONE 312.741.1019
FAX 312.264.0100
beth@feganscott.com

**MEMO ENDORSED**

October 16, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/17/2025

**Via ECF and Email**

The Hon. Andrew L. Carter, Jr.
United States District Court for the
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:   *Jane Doe v. Sachin Shridharani, et al.*, No. 1:24-00966 (S.D.N.Y.)

Dear Judge Carter,

We represent Plaintiff Jane Doe in this matter. In lieu of opposing Defendants Sachin Shridharani's and Luxurgery's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff respectfully submits her first request for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1). *See* First Amended Complaint, attached as Ex. 1.

The Second Circuit "hew[s] to the liberal standard set forth in Rule 15, which states that '[t]he court should freely give leave [to amend] when justice so requires.'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2nd Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). The permissive standard set forth in Rule 15 "is consistent with our strong preference for resolving disputes on the merits." *Id.* (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (per curiam) (internal quotation marks omitted)).

Although this case has been pending for more than a year, the parties used this time to engage in court-referred mediation and the exchange of certain information. In Defendants' recent motion to dismiss, Defendants sought dismissal of all Plaintiff's statutory and common law tort claims, except Count I under Civil Rights Law §§ 50 and 51. Based on Defendants' representations that the bases of her tort claims and the damages she seeks are covered by the statutory privacy claim under Civil Rights Law §§ 50 and 51, Plaintiff has omitted those claims. Further, Plaintiff has omitted her claim under CPLR § 4504, as well as her claims against Defendant Advarra, which resolved Plaintiff's claims, and Defendant Sientra, which filed for bankruptcy.

**feganscott**

Further, Plaintiff has added a new Count II for breach of contract based on the Study Informed Consent Form, which governed, among other things, the terms under which photographs of Plaintiff could be taken and used.

Plaintiff conferred with Defendants' counsel regarding her request, and Defendant's counsel indicated that they did not believe consent was required pursuant to Fed. R. Civ. P. 15(a)(1). Out of an abundance of caution, Plaintiff's counsel nonetheless seeks leave from the Court.

We appreciate the Court's consideration of Plaintiff's request.

Sincerely,

Elizabeth A. Fegan
Managing Member

cc.   All counsel of record (via ECF)

Plaintiff is hereby GRANTED leave to amend her Complaint, and must file an amended complaint no later than Monday, October 20, 2025. Because Plaintiff will be filing an amended complaint in this matter, Defendants' Motion to Dismiss (Dkt. No. 57) is DENIED without prejudice. If Defendants wish to move to dismiss the amended complaint, then no later than October 27, 2025, the Parties should file a joint status report with a proposed briefing schedule.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

October 17, 2025