**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **JANE DOE,** <br> **Plaintiff,** <br> **-against-** <br> **SACHIN SHRIDHARANI, M.D., et al.,** <br> **Defendants.** | : | **1:24-cv-966 (ALC)** <br> **ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court is Defendants' Motion to Dismiss Count II (Breach of Contract) of the First Amended Complaint (the "Complaint" or "FAC"). ECF No. 65. Defendants argue principally that the Complaint fails to state a claim because Plaintiff does not adequately allege that Defendants were parties the contract, and Plaintiff's claims are otherwise precluded by New York Civil Rights Law §§ 50-51. Defendant is correct that the Complaint fails to adequately allege that Luxurgery, LLC (Luxurgery) was a party to the contract and that § 51 precludes any claims premised on misappropriation of likeness for marketing or advertising purposes. Defendant's remaining arguments fail.

Count II of the Complaint is **DISMISSED** in its entirety against Defendant Luxurgery and in part as to Defendant Shridharani. Plaintiff is granted leave to amend.

## BACKGROUND

*Factual Background*

The facts in this section are taken from the First Amended Complaint and its incorporated documents. The facts are assumed to be true for purposes of the Motion to Dismiss.

Plaintiff Jane Doe ("Plaintiff") participated in a study sponsored by Sientra, Inc, which included a breast augmentation surgery. FAC ¶ 16. Plaintiff signed a Study Informed Consent Form (the "Consent Form") before participating in the study. *Id*., at ¶ 17. The Consent Form identifies Defendant Shridharani as the "Investigator" and Luxurgery as the "Study Site." *Id*., at 18. The Consent Form states that photographs and 3D imaging of Plaintiff's breasts may be taken as part of the Study. *Id*., at ¶ 21. Plaintiff indicated her consent for the photographs to be shared for research purposes. FAC, exhibit A, at 4. Plaintiff did not indicate her consent to have the photographs shared for marketing purposes. FAC ¶ 22.

During the pre-operative preparations, Defendant Dr. Shridharani and his team took photographs of Plaintiff's naked body. *Id*., at ¶¶ 31-32. Shridharani repeatedly requested Plaintiff's consent to record the surgery, which Plaintiff did not provide. *Id*., ¶¶ 34-35. Shridharani nevertheless recorded the surgery. *Id.*, at ¶ 43. Plaintiff discovered the video after Defendants posted the video on social media. *Id*. The video included identifying marks, *id.*, at ¶ 44, and was posted multiple times over Plaintiff's protests, *id.*, ¶¶ 45, 51, 53, 63.

*Procedural Background*

Plaintiff brings this action for violation of NYCRL §§ 50 and 51 and breach of contract.[1] Plaintiff claims that Defendant's actions caused her pain and suffering and medical expenses. Plaintiff requests injunctive relief, damages, and attorneys' fees and costs.

On November 16, 2025, Defendants moved to dismiss the breach of contract claim. Dkt. 64. Plaintiff replied on December 19, 2025. Dkt. 69. Defendants replied on January 8, 2026. Dkt. 70. The motion is fully briefed.

## STANDARD OF REVIEW

[1] Plaintiff's claims against Sientra, Inc. and Advarra, Inc. have been voluntarily dismissed.

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted). The court must treat the facts contained in plaintiff's complaint as true, resolving any factual disputes in favor of the plaintiff.

**DISCUSSION**

Plaintiff asserts three forms of breach: (1) the video taping of Plaintiff's surgery, Compl. ¶ 88; (2) the use of Plaintiff's "images for advertising, marketing, and/or promotional purposes, *id.*; and (3) Defendants "fail[ed] to ensure that Plaintiff's identifying information was removed from any images," *id.* at 89. Defendants argue that there was no binding contract between the parties and that the claim is precluded in its entirety by New York Civil Rights Law §§ 50-51. The Court disagrees that there was no binding contract between the parties. The Court does agree with Defendants that Count II is preempted inasmuch as it alleges that the breach involved use of Plaintiff's image or likeness for advertising or marketing purposes. Plaintiff's claims regarding non-marketing breaches, however, are not precluded.

## I. Plaintiff Plausibly Alleges the Existence of a Contract with Defendant Dr. Shridharani

Breach of contract requires (1) the existence of an agreement; (2) plaintiff's performance of the contract; (3) defendant's breach of the contract; and (4) damages. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servicing*, 837 F.Supp.2d 162, 188-89 (S.D.N.Y. 2011). Defendants do not appear to contest that the study consent form is a contract, arguing only that Dr. Shridharani and Luxurgery were not parties to the contract. The Court finds that the study consent is a contract and that Shridharani is bound by it, but Luxurgery is not.

"New York courts recognize that a non-signatory can be liable for a contract by manifesting an intent to be bound." *Kitchen Winners NY Inc. v. Rock Fintek LLC*, 668 F.Supp.3d 263, 285 (S.D.N.Y. 2023) (citing *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 397 (S.D.N.Y. 2009)). "Therefore, an enforceable contract exists where a party's overall conduct reflects its intent to be bound, even where the party did not sign the offer." *Id*. (cleaned

up). "[N]onsignatories may be held liable for breach of contract, without being alter egos, if their actions show that they are in privity of contract or that they assumed obligations under the contract." *Id*. (cleaned up) (citing *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d at 397).

Plaintiff plausibly alleges that Defendant Dr. Shridharani's actions demonstrate an intent to be bound. Shridharani is identified as the "Investigator" in the Study Consent. The Investigator has certain rights and obligations under the contract, including performance of the surgery, discretion to remove people from the study, and obligation to provide emergency medical treatment, if needed. *See* Compl. Ex A, at 3, 7-8. Shridharani performed the services for which he was responsible, manifesting an intent to be bound by the contract.

Luxurgery, by contrast, is identified only as a the "Study Site." Plaintiff does not provide any allegations sufficient to show that Luxergey was "acting under obligation of a contract" rather than "merely assisting in its administration." See *Impulse Marketing Group, Inc. v. national Small Business Alliance, Inc*., 2007 WL 1701813, at *6 (S.D.N.Y. 2007).

Plaintiff has therefore plausibly alleged that Dr. Shridharani was a contracting counterparty but has not adequately alleged facts sufficient to show that Luxurgery was similarly bound.

## II. Plaintiff Plausibly Alleges that the Alleged Recording and Distribution is a Breach of the Contract

Defendants argue that alleged breach concerns conduct not covered by the contract. This argument fails. A plain reading of the contract indicates that the alleged behavior is within the scope of the contract. The contract covers imaging of Plaintiff's breasts and specifies the types of imaging that are permitted, namely, photographs and 3D imaging.

Defendants' arguments are therefore not helpful to their position. The fact that the alleged behavior was not expressly permitted by the contract, *i.e.*, unauthorized, would tend to support Plaintiff's position, not Defendants'.

**III. Plaintiff's Advertising Claims Are Preempted**

Defendants argue that Plaintiff's breach of contract claims are preempted by NYCRL §§ 50-51 because the statutes preempt all claims based on the unauthorized commercial use of a person's image. *See* Dkt. 65, at 9. Defendants overstate the preemptive scope of §§ 50-51, and this court finds that only those causes premised on commercial appropriation of name, image, and personality are preempted by the statute.

New York does not recognize a common law right to privacy. *See Gibson v. SCE Group, Inc.*, 391 F.Supp.3d 228, 250 (S.D.N.Y. 2019) (citing *Messenger ex rel. Messenger v. Gruner + Jahr Printing & Pub.*, 94 N.Y.2d 436 (N.Y. 2000). Instead, §§ 50-51 provide the only remedy for "claims based on the unauthorized use of a person's image," and preempts any common-law claims. *See Richardson v. Proctor and Gamble Co.*, 176 N.Y.S.3d 605, 607 (N.Y. App. Div. 2022). New York does not allow claims that are "the functional equivalent of a common-law privacy tort," which would "merely circumvent established privacy law." *See Madden v. Creative Servs.*, 84 N.Y.2d 738, 747 (1995).

§§ 50-51 covers only the unauthorized use of image or likeness in advertising or trade. See *Lehrman v. Lovo*, 790 F.Supp.3d 348, 379 (S.D.N.Y. 2025). "The Second Circuit has underscored that the statute is to be narrowly construed and strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person." *Id*. (cleaned up) (citing to *Messenger*, 208 F.3d at 125 (2d Cir. 2000)). Courts have allowed breach of contract claims where the alleged breach involved conduct not limited to "advertising or trade." *See e.g.,*

*id.* (allowing contract claims where the alleged breach involved unauthorized use of Plaintiff's voice including "creating or refining its AI text-to speech generator").

Plaintiff alleges that video of her surgery, which included identifying marks, were used for marketing purposes. The use of the video for marketing purposes is covered, and preempted, by the statute. Plaintiff may not rely on those allegations in arguing breach of contract.

The videotaping of the surgery is not covered by the statute. The videotaping itself does not have any connection to advertising or trade. The Court therefore declines to extend the preemptive effect of the statue beyond the scope of the statute itself or the common law tort for violation of privacy. *See Kane v. Orange County Publ'ns*, 232 A.D.2d 526, 527 (N.Y. App. Div. 1996) ("Civil Rights Law §§ 50 and 51 'were drafted narrowly to encompass only the commercial use of an individual's name or likeness and no more'"), Restatement (Second) of Torts §652C ("One who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy."). To do so would mean that parties could not contract to create rights beyond those provided by the statute, or any rights related to privacy at all. Allowing Plaintiff's claim to survive does not serve to "circumvent" the statue. *See Madden*, 84 N.Y.2d at 747. To the extent Plaintiff alleges that there are damages stemming from the unauthorized videotaping, those claims are not preempted.

The failure to remove identifying marks when distributing the video claim relies on Plaintiff's claims that the video was distributed for marketing purposes. For the reasons outlined above, Plaintiff may not rely on this allegation in arguing breach of contract. Plaintiff might be able to plausibly allege that the distribution of the video for non-marketing purposes caused her some harm. Those facts simply are not alleged here.

Plaintiff is granted leave to amend to allege harms stemming from the unauthorized videotaping or failure to remove the identifying marks before distributing the video for non-marketing purposes.

## IV. Plaintiff May Not Recover Punitive Damages for Breach of Contract

Defendants are correct that Plaintiff has not adequately pleaded a basis for punitive damages. *See TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 94 (2d Cir. 2005) ("the Court of Appeals made it even more clear that punitive damages were recoverable in a contract action only 'if necessary to vindicate a public right'") (citing *New York University v. Continental Insur. Co.*, 87 N.Y.2d 308, 315 (1995)).

## CONCLUSION

To the extent any argument raised by Defendants is not addressed specifically, those arguments are without merit. For the reasons outline above, the Motion is **GRANTED** in part and **DENIED** in part.

The Court will afford Plaintiff the opportunity to amended her Complaint to attempt to cure its deficiencies, if she wishes to do so, by July 30, 2026. The parties are **ORDERED** to file a joint status report by August 14, 2026.

**SO ORDERED.**

Dated: July 14, 2026
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**